UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FEDERAL INSURANCE COMPANY                          :        ECF CASE
as subrogee of Barnet Products LLC,

                                                   :

                         Plaintiff,
         - against -                               :        **COMPLAINT**


EVA AIRWAYS CORPORATION;                            :
KINTETSU WORLD EXPRESS, INC.;

                                                   :

                         Defendants.
-------------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against Defendants upon information and belief:

1.     Plaintiff seeks recovery of compensatory damages arising from damage to a shipment of raw materials for cosmetics which was transported in international air transportation from Narita, Japan, to the airport of destination in New York.

2.     Plaintiff  Federal Insurance Company (hereinafter "Plaintiff" or "Federal") is an Indiana   corporation with its principal place of business in New Jersey and sues herein as subrogee and assignee of Barnet Products LLC, formerly Barnet Products Corp., [not a party to this action]  who was at all material times  the purchaser,  owner, and consignee of the subject shipment, the named consignee on the lead air waybill, and the entity which sustained the direct losses as a result of the cargo damage.

3.      Defendant Kintetsu World Express, Inc. ("KWE"), is believed to be a corporation organized under the laws of, and with its principal place of business in, Japan.  At all material times KWE was engaged in the business of an indirect air carrier of cargo and  conducted business in the United States, including in the State of New York and through various subcontractors and agents, including but not limited to Kintetsu

World Express (U.S.A.), Inc., 145-68 228th Street, Unit 1, Springfield Gardens, NY 11413, and provided certain such services in New York with respect to the Shipment.

4.      Defendant Eva Airways Corporation (hereinafter "Eva") is believed to be a corporation organized under the laws of, and with its principal place of business in, Taiwan. At all material times Eva was engaged in the business of an air carrier of cargo for hire and conducted business in the United States, including in the State of New York, and provided certain such services in New York with respect to the Shipment.

5.      Eva's registered agent in New York is CT Corporation System, 28 Liberty St., New York, NY 10005.

6.      This action arises under a treaty of the United States, specifically the Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

7.      This Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C.A. §1331 as the claims in suit arise in whole or in part under federal law, including federal common law,  and/or are supplemental claims within the meaning of 28 U.S.C. § 1367 to certain of the foregoing claims. Concurrently there is diversity jurisdiction pursuant to 28 U.S.C.A. §1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

8.      Venue and jurisdiction are proper pursuant to the Montreal Convention and 28 U.S.C. § 1391 as the air waybills identify New York as the airport of destination and the   subject transportation   involved certain custody and carriage in, to and/or

2

through New York and upon information and belief the subject cargo damage occurred *inter alia* in whole or in part in relation to such contracted-for New York activities.

9.      This action arises from damage to a shipment of raw material for cosmetics  with a chargeable weight of 1,655 kilograms which was in good order and condition when received by or on behalf of the Defendants  at the place of receipt in Japan and which  moved, or was intended to move,  from there to New York, with on-carriage to Hillsborough, New Jersey,  as further described in KWE Air Waybill 1130-15032812   dated November 16, 2021  and Eva Air Waybill 695-29545294 dated November 18, 2021, and others (hereinafter "the Shipment").

10.     The  air waybills were issued "clean" and  without exception or notation as to damage or other irregularity and represented that the Shipment was to be carried from Narita to New York.

11.     The  duties  and  responsibilities  of  the  Defendants  included  air transportation from Japan to New York in addition to certain carriage and custodial duties before and after said air transportation.

12.     During  the  course  of  transportation,  handling,  and/or   storage  by Defendants, or entities acting on their behalf, the Shipment sustained damage which rendered the goods  unfit for intended distribution, sale and end usage.

13.     When the Shipment was delivered to the consignee's receiving facility the Shipment was in damaged condition and a damage exception was noted at that time.

14.     Plaintiff's subrogor transmitted written complaints disclosing *inter alia* that the Shipment was in damaged condition.

15.     As a result of the foresaid conditions the Shipment was rendered unfit for intended distribution, sale and usage.

16.     As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $559,719.20, no part of which has been paid although duly demanded.

17.     Plaintiff has complied with all conditions precedent required of it under the premises and   sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18.     Each cause of action herein is pled in the alternative.

## FIRST CAUSE OF ACTION
### (Breach of Contract and Montreal Convention Air Treaty)

19.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 of this complaint.

20.     This cause of action  arises under the Montreal Convention.

21.     For agreed consideration consisting of enhanced freight fees and other charges, Defendants contracted to provide specialized care for the Shipment during all periods of custody and carriage, and to transport the Shipment from the place of receipt in Japan   to the place of delivery in the United States.

22.     Defendants breached their duties and obligations under the carriage contracts,  the air waybills, and under the Montreal Convention, by failing to provide the requisite care for the Shipment during carriage from the place of receipt in Japan to the place of delivery in  the United States.

23.     As a proximate   result of the conditions to which the Shipment was exposed during the custody of Defendants and/or entities acting on their behalf, the raw materials sustained  damage and could not be distributed, sold, or used as intended.

24.     As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages  in  the  amount  of  $559,719.20,  no  part  of  which  has  been  paid although duly demanded.

## SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

25.     Plaintiff  repeats  and  realleges  the  allegations  set  forth  in  paragraphs  1 through 5  and 7 through 18  of this complaint.

26.     At the time  the aforementioned cargo damage occurred Defendants were acting as bailees of the Shipment and in their own capacity,   or through contractors, agents, servants or sub-bailees, had the duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to it at the place of receipt.

27.     Defendants also  had a duty to ensure that the services  provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

28.     Defendants, and/or entities acting on their behalf, breached the aforesaid duties and obligations and negligently redelivered  the Shipment in damaged condition to the consignee at destination.

29.     As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages  in  the  amount  of  $559,719.20,  no  part  of  which  has  been  paid although duly demanded.

## THIRD  CAUSE OF ACTION

### (Negligence and/or Recklessness, and/or Willful Misconduct)

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5  and  7 through 18  of this complaint.

31.     At all material times the Defendants had a duty in relation to the Shipment to properly handle, carry, monitor, protect, store and care for the cargo in question.

32.     The damage to the Shipment was caused by Defendants' negligence, recklessness, wanton neglect, and willful misconduct in that it, and its agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry,  monitor, protect, store and care for the cargo in question.

33.     As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $559,719.20, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION

### (Breach of Contract/Federal Common Law)

34.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 and 7 through 18 of this complaint.

35.     By reason of the foregoing, Defendants breached their duties and obligations under the  carriage contracts,  the air waybills, and under federal common law, by failing to provide the requisite care for the Shipment during carriage from the place of receipt in Japan to the place of delivery in  the United States, including any land carriage segments of such transportation.

36.     As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $559,719.20, no part of which has been paid although duly demanded.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants jointly and severally

(a)     for the sum of $559,719.20;

(b)     for prejudgment interest at the rate of 9% *per annum;*

(c)     for the costs of this action, including reasonable attorneys' fees;

(d)     for such other and further relief as deemed proper and just.

Dated:  August 23, 2022

Law Office,
David L. Mazaroli

*s/David L. Mazaroli*

_____

David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel.: (212)267-8480 Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com